PD-0935&0936-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/16/2016 11:52:16 AM
Accepted 9/16/2016 12:01:45 PM
ABEL ACOSTA
CLERK

## Nos. PD-0935-16 & PD-0936-16

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

### EMMANUEL WIGGINS
*Appellant*

v.

### THE STATE OF TEXAS
*Appellee*

On Petition for Discretionary Review from the Court of Appeals
Fourteenth Supreme Judicial District
Cause Nos. 14-15-00480-CR & 14-15-00481

## PETITION SEEKING DISCRETIONARY REVIEW

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**DAUCIE SCHINDLER**
Assistant Public Defender
Harris County, Texas
TBN 24013495
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Daucie.schindler@pdo.hctx.net

**Counsel for Petitioner**

FILED IN
COURT OF CRIMINAL APPEALS

September 16, 2016

ABEL ACOSTA, CLERK

i

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:

Mr. Emmanuel Wiggins
TDCJ No. 01999028
Garza East Transfer Facility
4304 Highway 202
Beeville, Texas 78102

TRIAL PROSECUTOR:

Mr. Ryan McLearen
SBOT No. 24081431
Assistant District Attorney
Harris County, Texas
1201 Franklin
Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:

Ms. Joanne Musick
SBOT No. 24000371
397 N. Sam Houston Pkwy E.
Suite 325
Houston, Texas 77060

PRESIDING JUDGE:

Hon. Jan Krocker
184th District Court
Harris County, Texas
1201 Franklin, 17th Floor
Houston, Texas 77002

COUNSEL ON APPEAL FOR APPELLANT:

Ms. Daucie Schindler
SBOT No. 24013495
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................ii

TABLE OF CONTENTS.........................................................................................iii

INDEX OF AUTHORITIES.....................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT......................................................1

STATEMENT OF THE CASE...................................................................................1

STATEMENT OF PROCEDURAL HISTORY..............................................................2

GROUND FOR REVIEW.........................................................................................2

GROUND ONE:    The Fourteenth Court of Appeals erred in determining that the trial court's written admonishments at Mr. Wiggins' plea did not render his plea involuntary despite failing to provide warning of the implications of the guilty plea on his parole eligibility.

REASONS FOR REVIEW..........................................................................................2

STATEMENT OF FACTS...........................................................................................3

GROUND ONE:    The Fourteenth Court of Appeals erred in determining that the trial court's written admonishments at Mr. Wiggins' plea did not render his plea involuntary despite failing to provide warning of the implications of the guilty plea on his parole eligibility.

ARGUMENT............................................................................................................5

PRAYER..................................................................................................................8

CERTIFICATE OF COMPLIANCE............................................................................10

CERTIFICATE OF SERVICE....................................................................................11

APPENDIX..............................................................................................................12

# INDEX OF AUTHORITIES

## Cases

*Aquirre-Mata v. State*, 125 S.W.3d 473 (Tex. Crim. App. 2003)...................................... 7, 8

*Boykin v. Alabama*, 395 U.S. 238 (1969)............................................................................ 6, 7

*Brady v. United States*, 397 U.S. 742 (1970)........................................................................... 6

*Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013). .............................................. 6, 7

*Ex parte Alegria*, 464 S.W.2d 868 (Tex. Crim. App. 1971)................................................... 5

*Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012)...................................... 6, 8

*Ex parte Thompson*, 173 S.W.3d 458 (Tex. Crim. App. 2005)............................................... 5

*Mitschke v. State*, 129 S.W.3d 130 (Tex. Crim. App. 2004). ................................................. 5

## Statutes

Tex. Gov't Code §508.145(d)(1). ........................................................................................... 6

Tex. Code Crim. Proc. art. 42.12.......................................................................................... 6

Tex. R. App. P. 66.3 .............................................................................................................. 2

## TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Emanuel Wiggins, Petitioner here and the defendant/appellant below, respectfully submits this his Petition for Discretionary Review complaining of the ruling and opinion by the Fourteenth Court of Appeals, and would show this Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

If this Court grants this Petition, Mr. Wiggins requests the Court to grant oral argument herein so that all matters may be clarified and any questions presented by the briefs of the parties may be addressed properly and thoroughly.

## STATEMENT OF THE CASE

Mr. Wiggins was charged by indictments with aggravated assault in cause number 1432587 and burglary of a habitation in cause number 1432588. (C.R.1 at 25; C.R.2 at 9)[1]. On December 12, 2014, he pled guilty without the benefit of a plea bargain to both charges. (C.R.1 at 32; C.R.2 at 15). On April 13, 2015 a sentencing hearing was held and at the conclusion of the hearing the court sentenced Mr. Wiggins to fourteen (14) years confinement in the Institutional Division of the Texas Department of Criminal Justice in both cases with the two sentences running concurrently. (R.R. 2 at 69-70). Notice of Appeal was timely filed and undersigned counsel with the Harris County Public Defender's Office was appointed on April 13, 2015. (C.R.1 at 33-35; C.R.2 at 64-66).

---

[1] For purposes of this Petition for Discretionary Review C.R.1 reflects the clerk's record in cause number 1432587 and C.R.2 reflects the clerk's record in cause number 1432588.

1

## STATEMENT OF PROCEDURAL HISTORY

On July 14, 2016, in Cause Nos. 14-15-00480-CR and 14-15-00481-CR the Fourteenth Court of Appeals, in a published opinion, affirmed Mr. Wiggins' convictions. *See Wiggins v. State*, --- S.W.3d ---, 2016 WL 3902480 (Tex. App. –Houston [14th Dist.] No. 14-15-00480-CR & 14-15-00481-CR, July 14, 2016). Mr. Wiggins did not motion the panel for rehearing. Mr. Wiggins filed a Motion to Extend Time to File Petition for Discretionary Review and that Motion was granted on August 16, 2016, extending the time in which to file this Petition until September 14, 2016. Mr. Wiggins has filed with this Petition for Discretionary Review a second Motion to Extend Time to File Petition for Discretionary Review requesting an additional two (2) days.

## GROUND FOR REVIEW

**GROUND ONE:** The Fourteenth Court of Appeals erred in determining that the trial court's written admonishments at Mr. Wiggins' plea did not render his plea involuntary despite failing to provide warning of the implications of the guilty plea on his parole eligibility.

## REASONS FOR REVIEW

The Court of Appeals' decision conflicts with another court of appeals' decision on the same issue. Tex. R. App. P. 66.3(a).

The Court of Appeals has decided an important question of state law that has not been, but should be, settled by this Court. Tex. R. App. P. 66.3(b).

2

The Court of Appeals has decided an important issue of state law in a way that conflicts with the applicable decisions of the Supreme Court of the United States. Tex. R. App. P. 66.3 (c).

## STATEMENT OF FACTS

The indictment in Cause Number 1432587 alleged that Mr. Wiggins, on or about June 30, 2014, unlawfully, intentionally and knowingly threaten Kevin Smith with imminent bodily injury by using and exhibiting a deadly weapon, namely, a motor vehicle. (C.R.1 at 25). It was further alleged, in cause number 1432588, that Mr. Wiggins, on or about June 20, 2014, unlawfully, with intended to commit theft, enter a habitation owned by Kevin Smith, the complainant, a person having a greater right to possession of the habitation, without the effective consent of the complainant, and used and exhibited a deadly weapon, namely, a motor vehicle, during the immediate flight from the offense. (C.R.2 at 9). On December 12, 2014, Mr. Wiggins entered pleas of guilty in both counts, without an agreed recommendation as to punishment from the State, pursuant to a Pre-Sentence Investigation. (C.R.1 at 31-34; C.R.2 at 15-21).

The PSI report indicates that on June 20, 2014, the complainant, Kevin Smith, arrived at his residence and saw a red truck leaving his driveway. He and his daughter, who was driving, followed the truck for a few miles until it stopped in a moving lane of traffic, rapidly reversed, and struck the front of their car. Smith and his daughter continued to follow the truck until it reached a dead end and turned around, facing Smith and his daughter. The truck accelerated at a high rate of speed in the direction

3

of their car so they attempted to reverse and back away from the truck, but the truck struck the passenger side of their car. Both vehicles ended up in ditches and the occupants of the truck fled on foot. Police arrived in seconds and the driver of the truck and one codefendant were apprehended. Mr. Wiggins was identified by the complainant as the driver of the vehicle. (R.R. Vol. 3 at 1-3).

At the PSI hearing, the complainant, Dr. Kevin Smith testified that he is a facial plastic surgeon with two college aged daughters. On June 20, 2014, his younger daughter picked him and two of his colleagues up at the airport. When they arrived at his home there was a red pickup truck in the driveway. He did not recognize the truck and began to think the worst so he instructed one of his colleagues to call the police and he told his daughter to follow the truck until the police arrived and to get the license plate number. (R.R. Vol. 2 at 8-12).

The followed the truck for several miles, unto the freeway and off onto the service road where the truck abruptly stopped, backed up, and struck their car twice before talking off. Once they were able to get the car running again, they caught up with the truck and continued to follow it until the truck made a U-turn and began to head for them. Dr. Smith's daughter put their car in reverse as fast as she was able, but the truck hit the passenger side of his car. Dr. Smith captured the evens on his cell phone and identified Mr. Wiggins as the driver of the truck. (R.R. Vol. 2 at 13-17). The experience caused him and his family to be more fearful. He suffered a minor injury to his wrist and his daughter suffered minor whiplash. With the exception of some cash,

4

he recovered all of the property that had been taken from his house. (R.R. Vol. 2 at 20-24). The Court sentenced Mr. Wiggins to fourteen (14) years confinement in the Institutional Division of the Texas Department of Criminal Justice in each case to run concurrently. (R.R. Vol. 2 at 69-70).

> **GROUND ONE:** The Fourteenth Court of Appeals erred in determining that the trial court's written admonishments at Mr. Wiggins' plea did not render his plea involuntary despite failing to provide warning of the implications of the guilty plea on his parole eligibility.

## ARGUMENT

Although the attainment of parole is based on numerous factors that are not pre-determinable thus rendering any advice purely speculative, parole eligibility elicits a straightforward answer because it is determinable by the law in effect on the date of the offense. *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). The statutes that govern the punishment of any particular offense also control the determination of parole eligibility and are not subject to change without legislative amendment. *See Ex parte Alegria*, 464 S.W.2d 868, 874-75 (Tex. Crim. App. 1971). Parole-eligibility requirements are direct consequences because they are defined by statute and automatic as a result of a finding of guilt. *See Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004).

In making a determination of whether or not to accept or reject a plea offer, a defendant will likely consider the actual minimum amount of time he will spend in prison. In order to properly evaluate his options, he needs accurate information about

5

the law concerning parole eligibility. *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012). The terms of any relevant parole-eligibility statute are clear with respect to a plea of guilty. Based upon the date of the offense, an affirmative finding of a deadly weapon in a judgment under 3g(a)(2) of Article 42.12 of the Code of Criminal Procedure states an inmate is not eligible for release on parole until the inmate's "actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less." Tex. Gov't Code §508.145(d)(1). A guilty plea is not constitutionally valid unless the defendant understands both the charges against him and the consequences of his plea. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

For a guilty plea to be constitutionally valid under the Due Process Clause, the defendant must have actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes; in short, the defendant must have "a full understanding of what the plea connotes and of its consequences." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013). In *Davison*, the court held *Boykin* operates like a rule of default: "Unless the appellate record discloses that a defendant entered his plea 'voluntarily and understandingly[,]' a reviewing court must presume he did not, and rule accordingly. *Id.* at 690. The key factor is whether a defendant has "sufficient awareness of the relevant circumstances and likely consequences" such that his plea is a knowing, intelligent act. *See Brady v. United States*, 397 U.S. 742, 748 (1970).

6

Here, Mr. Wiggins signed two documents waiving his right to be tried by a jury, waiving his right to confront and examine witnesses, waiving his rights against self-incrimination, and entering his pleas of guilty to the alleged crimes. The written admonishments identified, among other things, the range of punishment for the charged offenses as "a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000." Appellant waived the right to be orally admonished by the court. This Court has held that the record of a guilty plea must demonstrate that a "guilty-pleading defendant 'has full understanding of what the plea cannotes and of its consequences.'" *Aquirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003)(quoting Boykin, 395 U.S. at 244).

Again, *Boykin* establishes that, when a record is "devoid of any indication that the defendant possessed 'a full understanding of what the plea connotes and of its consequences," a presumption arises that the defendant did not enter a knowing and voluntary plea. *Davison*, 405 S.W.3d at 690 (quoting *Boykin*, 395 U.S. at 244). A deadly weapon finding was never mentioned in the written admonishments and he could be guilty of either offense without a deadly weapon. With the deadly weapon finding, Mr. Wiggins is not eligible for parole until he has served half of his sentence, or seven years. There is a significant difference between actual time served regardless of the sentence when there is a deadly weapon finding. Due process requirements of the Constitution

7

require that in order for a defendant's plea to be voluntary and understandingly made, he must appreciate the consequences plea.

The Fourteenth Court of Appeals, in its opinion, wrongly concluded that the "Boykin presumption does not apply" to Mr. Wiggins plea and that "due process did not require the trial court to admonish him on the consequences of a deadly weapon finding." Based on this Court's holding in *Aguirre-Mata*, 125 S.W.3d at 474, the Fourteenth Court of Appeals held that an admonition regarding the range of punishment satisfies due process. This holding ignores this Court's opinion in *Ex parte Moussazadeh* where a distinction between parole eligibility and parole attainment was drawn and the performance of Moussazadeh's counsel was deemed ineffective, and thus his plea involuntary, because the actual consequences of his plea "could have been easily determined by reading the applicable statute."

Because the plea admonishments made no mention of a deadly weapon, Mr. Wiggins was not apprised of the ramifications of his guilty pleas as required by Due Process. Therefore, his pleas were not voluntarily and freely given, and Mr. Wiggins is entitled to a new trial.

### PRAYER

For the reasons stated above, Mr. Wiggins prays that the Court will grant this Petition for Discretionary Review and that the case be set for submission to the Court on oral argument. Mr. Wiggins further prays that, after submission, this Court will reverse the decision of the Fourteenth Court of Appeals.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


*/s/ Daucie Schindler*
**Daucie Schindler**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 368-9247 fax
TBA No. 24013495
daucie.schindler@pdo.hctx.net

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with Tex. R. App. Proc. 9. It was prepared on a computer using 14-point Garamond type. It contains 3,058 words.

/s/ *Daucie Schindler*
**DAUCIE SCHINDLER**
Assistant Public Defender

## CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this brief on Abbie Miles of the Appellate Division of the Harris County District Attorney's Office and also on Lisa McMinn, State Prosecuting Attorney, on September 16, 2016.

/s/ Daucie Schindler

**DAUCIE SCHINDLER**

Assistant Public Defender

11

# APPENDIX A

Affirmed and Opinion filed July 14, 2016.



In The

# 𝔉ourteenth Court of Appeals

---

## NOS. 14-15-00480-CR
## 14-15-00481-CR

---

## EMMANUEL WIGGINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 1432587 &1432588**

---

## O P I N I O N

Appellant Emmanuel Wiggins pleaded guilty to aggravated assault and burglary of a habitation with a deadly weapon. After a punishment hearing, the trial court sentenced appellant to 14 years' confinement as to each offense, with the sentences running concurrently. Appellant asserts that the trial court erred in failing to admonish him as to the consequences of a deadly weapon finding, thereby rendering his plea involuntary under the Due Process Clause of the

Fourteenth Amendment to the United States Constitution.[1] We find no error in the trial court's admonitions and affirm the judgment of the trial court.

## Background

Appellant and others burglarized a home. The complainant and others returned home and observed the burglars pulling out of the driveway in appellant's truck. The complainant's daughter was driving the complainant's car and followed the truck. Appellant intentionally struck the car with his truck multiple times in his attempt to flee. Appellant was charged with aggravated assault with a deadly weapon, "namely, a motor vehicle" and burglary of a habitation using a deadly weapon, the motor vehicle, during the commission of and immediate flight from that offense.

Appellant signed two documents waiving his right to be tried by a jury, waiving his right to confront and examine witnesses, waiving his right against self-incrimination, and entering his pleas of guilty to the alleged crimes. The written admonishments identified, among other things, the range of punishment for the charged offenses as "a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000." Appellant also waived the right to be orally admonished by the trial court.[2] Appellant entered his guilty plea, and the trial court found him guilty of the charged offenses.[3] The punishment hearing was held approximately four months later, at which time the trial court affirmed its guilt

---

[1] Appellant complains that the deadly weapon finding delays his eligibility for parole until he has served one-half of his sentence. *See* Tex. Gov't Code § 508.145(d)(1); Tex. Crim. Proc. Code art. 42.12, § 3g(a)(2).

[2] The record on appeal does not reflect whether appellant received oral admonishments.

[3] A transcript of the plea hearing is not in our record, but the plea hearing was referenced during the punishment hearing.

2

adjudication and sentenced appellant.

## *Discussion*

Appellant argues in his sole issue on appeal that the trial court's failure to admonish him of the consequences of a deadly weapon finding rendered his guilty pleas involuntary under the Due Process Clause. Federal due process requires that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A criminal defendant who enters a plea of guilty has by definition relinquished his Sixth Amendment rights to a trial by jury and to confront the witnesses against him, as well as his Fifth Amendment privilege against self-incrimination. *Id.* "For this waiver to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege." *Id.* (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). A criminal defendant who is induced to plead guilty in a state court in total ignorance of the precise nature of the charge and the range of punishment it carries has suffered a violation of procedural due process. *Id.* We look to the entire record to determine whether a defendant who pleaded guilty entered his plea knowingly and voluntarily. *See id.* at 687.

Relying on *Boykin v. Alabama*, 395 U.S. 238, 244 (1969), appellant contends that "[a] guilty plea is not constitutionally valid unless the defendant understands both the charges against him and the consequences of his plea." In that case, the defendant was sentenced to death by an Alabama jury after he pleaded guilty to five indictments charging common-law robbery. *Id.* at 239. As "far as the record show[ed]," the trial court "asked no questions of [the defendant] concerning

3

his plea, and [the defendant] did not address the court." *Id.* According to the Supreme Court, "It was error, plain on the face of the record, for the trial judge to accept [the defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary." *Id.* at 242. The court observed that the waiver of several constitutional rights is at play when a defendant enters a guilty plea: the privilege against compulsory self-incrimination and the rights to trial by jury and to confront one's accusers. *Id.* at 243. Accordingly, the court held that it was a violation of due process of law for a reviewing court to "presume a waiver of these three important federal rights from a silent record." *Id.* In reaching this conclusion, the court noted, "What is at stake for an accused facing ... imprisonment demands [that] courts ... make sure [an accused] has a full understanding of what the plea connotes and of its consequence." *Id.* at 243-44.

*Boykin* thus involved a guilty plea by a defendant who apparently received no admonishments and never addressed the trial court, making it difficult to ascertain whether his plea was knowingly and voluntarily entered. *Id.* at 239-40; *see also Friemel v. State*, 465 S.W.3d 770, 776 (Tex. App.—Texarkana 2015, pet. ref'd). The guilty plea was held to be involuntary because the record was silent regarding whether "the defendant voluntarily and understandingly entered his pleas of guilty." *Boykin*, 395 U.S. at 244; *Friemel*, 465 S.W.3d at 776.

The *Boykin* court, however, did not specifically state what the record must disclose to satisfy due process, "except to say generally that state courts should make sure that a guilty-pleading defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Aguirre–Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (quoting *Boykin*, 395 U.S. at 244). As the Court of Criminal Appeals has noted, *Boykin* establishes that, when the record is "devoid of *any* indication that the defendant possessed 'a full understanding of what the plea

4

connotes and of its consequence,'" a presumption arises that the defendant did not enter a knowing and voluntary plea. *Davison*, 405 S.W.3d at 690 (quoting *Boykin*, 395 U.S. at 244) (emphasis added). Therefore, we must examine the record and determine whether there is any indication that appellant fully understood what his plea involved and the consequences of that plea. *Davison*, 405 S.W.3d at 691-92.

Appellant signed written admonishments regarding the privilege against compulsory self-incrimination and rights of trial by jury and confrontation—the rights that were addressed in *Boykin*. *See Friemel*, 465 S.W.3d at 776. Appellant expressly waived all of these rights in writing. *See id.* Appellant was also admonished in writing as to the applicable range of punishment. Thus, the record is not silent as to whether appellant understood the consequences of his plea. *See Davison*, 405 S.W.3d at 692.

Yet appellant does not argue that he received no admonishments as in *Boykin*, only that the admonishments he did receive were insufficient. *See Friemel*, 465 S.W.3d at 776. The question then is whether under *Boykin*, the record must also disclose that appellant understood the consequences of a deadly weapon finding to avoid triggering *Boykin's* presumption that his plea was involuntary. *See Davison*, 405 S.W.3d at 692. Appellant cites no authority to support this conclusion, and we have found none. Moreover, the Court of Criminal Appeals has held that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment, standing alone, does not render a guilty plea invalid under *Boykin*.[4] *Aguirre–Mata*, 125 S.W.3d at 475; *see Johnson v. State*, No. 14-15-

---

[4] We note that in *Davison*, the Court of Criminal Appeals stated:

"[W]e have found no Supreme Court case . . . holding that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment renders the guilty plea invalid." But even assuming that a silent record with respect to the appellant's awareness of the range of punishment is alone sufficient to trigger *Boykin's* appellate presumption, the record in this case is not totally "silent" with

00046-CR, 2016 WL 354438, at *2 (Tex. App.—Houston [14th Dist.] Jan. 28, 2016, no pet.) (mem. op.).

Our sister court has held, "Since neither the United States Supreme Court nor the Court of Criminal Appeals has held that a defendant must be admonished regarding the range of punishment in order to satisfy due process, we see no basis for holding that due process requires the defendant to be admonished regarding the additional consequences of a deadly-weapon finding on his eligibility for . . . release on parole." *Friemel*, 465 S.W.3d at 777. We agree with this reasoning.

We conclude that the *Boykin* presumption does not apply to appellant's plea. *See id.* Consequently, due process did not require the trial court to admonish appellant on the consequences of a deadly weapon finding, and the trial court did not err in failing to do so. *See id.* We overrule appellant's sole issue on appeal.

We affirm the judgment of the trial court.


/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Jamison, Donovan, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

---

respect to appellant's knowledge of the applicable range of punishment when he entered his plea.

405 S.W.3d at 692 (quoting *Aguirre–Mata*, 125 S.W.3d at 475 n.7). Here, likewise, the record is not totally silent with respect to appellant's knowledge of the applicable range of punishment when he entered his plea because he was admonished in writing as to that information.